FILED
2026 Aug-14 PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALISA HILL-JENKINS,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:25-cv-810-CLS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

Alisa Hill-Jenkins commenced this suit pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security, affirming the decision of an Administrative Law Judge ("ALJ") and, thereby, denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

## I. STANDARDS OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and, whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence,

or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

## II. DISCUSSION

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to properly evaluate all of the medical opinions in the record, and that the ALJ's residual functional capacity determination is not supported by substantial evidence. She also asks the court to remand her claim for an award of benefits.[1]

The ALJ found that claimant had the severe impairments of obesity, cutaneous lupus, chronic pericarditis, and migraines.[2] The ALJ also noted the presence of the following non-severe conditions: essential hypertension; gastroesophageal reflux disease; pericardial effusion, a history of COVID-19, carpal tunnel syndrome; and diabetes mellitus.[3] Even so, the ALJ concluded that claimant retained the residual functional capacity

> to perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant could occasionally climb ramps and stairs but could not climb ladders, ropes, or scaffolds. The claimant could frequently stoop, kneel, crouch, or crawl. The claimant could frequently reach bilaterally. The claimant could occasionally be exposed to weather, humidity, extreme cold, and extreme heat. The claimant could occasionally be exposed to

---

[1] Doc. no. 14 (Claimant's Opening Brief), at 5.

[2] Tr. 12.

[3] *Id.*

> excessive irritants such as fumes, odors, dust, gases, poorly ventilated areas, and chemicals as defined in the Selected Characteristics of Occupations (SCO) of the Dictionary of Occupational Titles (DOT). The claimant could not be exposed to workplace hazards such as moving mechanical parts and high, exposed places.

Tr. 15.

### A. Whether the ALJ Failed to Consider All of the Medical Opinions in the Record

Claimant contends that the ALJ failed to properly evaluate the February 21, 2019 opinion of Alan Gruman, M.D.,[4] the July 12, 2019 opinion of Darrin G. Campo, M.D.,[5] and the October 31, 2017 opinion of Archana Jain, M.D.[6]

The ALJ did not specifically address the February 21, 2019 "medical questionnaire" completed by Dr. Gruman, who was claimant's primary care physician, when he determined the persuasiveness of the medical opinions in the record. Even so, where the record contains multiple reports from a single medical source, the regulations provide for the ALJ to address them in a single analysis. *See* 20 C.F.R. § 1520c(b)(1) (stating that the Commissioner is not required to articulate individually how each medical opinion from a single source is considered). In this case, the ALJ thoroughly discussed Dr. Gruman's opinions in the following manner:

> The physical limitations assessed by Dr. Gruman in his "Physical Capacities Evaluation" are only mildly persuasive. The previous remands of this claim have been concerned, at least in part, with

---

[4] Tr. 1068-69.

[5] Tr. 1070-73

[6] Tr. 1064-65.

> discrepancies between portions of Dr. Gruman's opinions, the assigned residual functional capacity, and the evaluation of the opinion to justify such discrepancy. I cannot speak for the prior decisions, however the differences in my assessment are due to the fact that Dr. Gruman's records do not establish a sufficient nexus between the treatment he gives to the claimant, and the objective limitations he recommends. While Dr. Gruman has certainly been treating the claimant for an extended period, his assessment that the claimant could only occasionally reach, including overhead, is not supported by the objective medical evidence. Specifically, physical examinations of the claimant throughout are normal with normal motor function, normal range of motion in all extremities, and normal strength. Very recently before the date last insured, Dr. Gruman noted that the claimant's exam was "completely normal." ("If her symptoms resolve I asked her to let me know and we can extend her appointment out later into the summer since she seems to be doing well otherwise."). I do note that at the hearing the claimant took issue with Dr. Gruman's notations that she had "Been working out." Furthermore, while the claimant reports some neck pain and muscle spasm in her shoulders, Dr. Gruman's treatment notes consistently indicate that the claimant has a history of neck spasm with "a little bit of numbness but no weakness" and "no true radicular pain." Dr. Gruman's treatment notes subsequently indicate that the claimant still has some muscle spasm in the neck area; however, she has no real radicular symptoms and Dr. Gruman also indicated that the clamant's muscle spasms have improved with Zanaflex, gabapentin, and Baclofen. Accordingly, based on the above, I find that a limitation to frequent reaching adequately accounts for the claimant's alleged neck pain and/or muscle spasms.

Tr. 24-25 (record citations omitted). The court concludes that the ALJ complied with the regulations by analyzing Dr. Gruman's opinions as a whole.

With respect to the July 12, 2019 opinion of Dr. Campo, claimant contends that the ALJ did not explain his finding that Dr. Campo's opinion was "mildly

persuasive," and that he did not reconcile the conflict between the RFC and Dr. Campo's opinion that claimant should not be exposed to vibration, dust, fumes, or odors. To the contrary, the ALJ noted that Dr. Campo's assessment was a short-term disability assessment, rather than an assessment under the Social Security framework, covered only a portion of the relevant period, and that he limited claimant to higher exertional level of work than the limited range of sedentary work that the ALJ ultimately determined claimant could perform. Additionally, Dr. Campo's environmental limitations would not preclude the jobs identified by the vocational expert — *i.e.*, document preparer and addresser. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* 249.587-018 (Document Preparer) and 209.587-010 (Addresser) (4th ed. rev. 1991). Therefore, any error by the ALJ in failing to account for those limitations when determining claimant's residual functional capacity is harmless.

Likewise, the ALJ's failure to address claimant's assessment by Dr. Jain was not reversible error. As an initial matter,

> [t]here is no rigid requirement [that] the ALJ specifically refer to every piece of evidence in the decision, so long as the ALJ's decision is not a broad rejection which is not enough to enable a reviewing court to conclude the ALJ considered the clamant's medical condition as a whole.

*Jacobus v. Commissioner of Social Security*, 664 F. App'x 774, 776 (11th Cir. 2016)

(alterations supplied).

In the assessment dated October 31, 2017, Dr. Jain recommended that claimant stop working on November 6, 2017 because of her chest pain and shortness of breath.[7] However, Dr. Jain also noted that claimant's condition was expected to improve within six months, following which it was anticipated that claimant could return to work.[8] Dr. Jain recommended that claimant not lift weights greater than 10 to 15 pounds for a six-month period — a limitation that is less restrictive than that determined by the ALJ in claimant's residual functional capacity. Accordingly, the ALJ's failure to consider Dr. Jain's assessment does not require remand.

**B. Whether the ALJ's Residual Functional Capacity Assessment is Supported by Substantial Evidence**

Claimant also contends that: the ALJ did not consider the effect that severe migraine headaches would have on absenteeism and time off-task when formulating claimant's residual functional capacity; he incorrectly found that the pain claimant experienced associated with chronic pericarditis was well controlled with anti-inflammatory and occasional narcotic medications; and, he appears to have faulted claimant for her non-compliance with prescribed treatment.

Claimant's first two contentions amount to an impermissible request that the

---

[7] Tr. 1065.

[8] *Id.*

court reweigh the evidence. The ALJ discussed the medical evidence of claimant's headache disorder at length, and found that it was a severe impairment. In view of the medical evidence, including evidence of the side effects of the medication prescribed to claimant for migraine headaches, the ALJ included limitations in the residual functional capacity to account for her headaches and the actual or potential side effects of the prescribed medication, and explained his rationale.[9] The court concludes that the ALJ's finding with respect to claimant's work restrictions because of migraine headaches is supported by substantial evidence.

Similarly, following a thorough review of the medical evidence relating to claimant's chronic pericarditis, the ALJ accounted for the pain claimant experienced from that condition, in the following manner:

> While the record shows that the claimant's pain is generally well-controlled with anti-inflammatory medication and the periodic use of narcotic pain medication, I find that a limitation to sedentary work would better account for the claimant's intermittent, episodic flares of chest pain that require additional treatment with high-dose steroid tapers.

Tr. 23. In other words, the ALJ limited claimant's residual functional capacity to the lowest exertional level of work in accordance with the medical evidence of record showing both that her condition was well controlled, but that she still experienced flare-ups. The ALJ's determination is supported by substantial evidence.

---

[9] Tr. 22.

Finally, claimant takes issue with the ALJ's discussion of the relationship between exacerbation of claimant's pericarditis and her failure to take prescribed medication. Claimant argues that the ALJ was required to follow Social Security Ruling 18-3p. However, that ruling applies when a claimant is determined to be *otherwise entitled to disability benefits*, and has been prescribed treatment but there is evidence that the claimant failed to follow the prescribed treatment. *Id.*, 2018 WL 4945641 (Oct. 2, 2018). That ruling does not apply to the present circumstances.

In view of the foregoing discussion, the court need not address claimant's remaining contention that this case should be remanded for an award of benefits.

## III. CONCLUSION

For all of the foregoing reasons, this court concludes that the Commissioner's decision that claimant was not disabled is supported by substantial evidence, that it is in accordance with applicable law, and it is due to be affirmed. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 14th day of August, 2026.

Senior United States District Judge